FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 0 2 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DANIEL FELIX and MARISE LOUIS FELIX,

        Plaintiffs,

    -against-

GOTHAM REAL ESTATE CORP., et al.,

        Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-4559 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

ROSS, United States District Judge:

On September 7, 2012, plaintiffs filed the instant pro se action challenging the foreclosure of their home and/or their eviction from that home. Plaintiffs brought their action pursuant to: (1) 42 U.S.C. § 1982; (3) 42 U.S.C. § 1983; (3) the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111–22, 123 Stat. 1632 (2009); (4) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and (5) various state and city statutes.

The Court grants plaintiffs' requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, solely for the purpose of this order. For the reasons discussed below, plaintiffs are granted thirty (30) days leave to submit an amended complaint in order to proceed with this action.

## I. Background

Plaintiffs allege that they used a mortgage broker to purchase their home. Compl. at 8, ¶ 1 The broker informed plaintiffs "that an alternate party with excellent credit should take [their] place on the mortgage and deed in order to purchase [their] home." Id. Plaintiffs' home went into foreclosure in 2007, a judgment of foreclosure and sale was entered on June 23, 2010, and the property was sold at an auction on September 17, 2010. Id. at 8, ¶ 3. Plaintiffs were then evicted

1

from the property on August 13, 2012. Id. at 1, ¶ 2. Plaintiffs allege that they never received proper notice or process prior to their eviction. They now seek monetary damages. Id. at 2, ¶ 6.

## II. Standard of Review

In reviewing plaintiffs' complaint, the court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the court must dismiss an in forma pauperis complaint if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III. Discussion

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides for "[f]ederal question" jurisdiction, and § 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction

when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008).

Here, plaintiffs attempt to invoke the Court's federal question jurisdiction pursuant to § 1331. The gravamen of plaintiffs' complaint appears to be that the defendants deprived them of the ownership and occupancy of their home through fraudulent sale and mortgage transactions. Compl. at 8, ¶ 3. While alleged actions of this sort may implicate state law, see ,e.g., Dolansky v. Frisillo, 939 N.Y.S.2d 210, 213 (N.Y. App. Div. 2012); Anderson v. Meador, 869 N.Y.S.2d 233, 236 (N.Y. App. Div. 2008), they are not sufficient, without more, to support a federal claim.[1] For the reasons discussed below, plaintiffs have not additionally stated a federal claim for which relief may be granted.

1. 42 U.S.C. § 1982

Plaintiffs first assert that defendants violated 42 U.S.C. § 1982 by "devis[ing] and participat[ing] in illegal and unlawful schemes, including the making and presentation of false instruments, to deceive the lower court as to the rights of [the president of Gotham, the corporation that successfully bid for plaintiffs' home in the 2010 auction] to the ownership and possession of the premises." Compl. at 20, ¶ 66. Section 1982 guarantees that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. By its plain language, § 1982 protects against racial discrimination in property transactions. Because

---

[1] Plaintiffs also assert several other state law claims, including allegations that defendants: committed constitutional torts under state law, Compl. at 22-24; unlawfully evicted plaintiffs, Compl. at 24; and committed legal malpractice, Compl. at 24.

3

plaintiffs have not alleged that defendants' alleged actionswere motivated by racial animus, plaintiffs have failed to state a claim under § 1982. See Boyd v. Lefrak Organization, 509 F.2d 1110, 1115 (2d Cir. 1975) ("[B]ecause there has been no finding of racially-motivated discrimination, appellants have not violated the Civil Rights Act of 1866, 42 U.S.C. [§] 1982 (1970)."); Brown v. Middaugh, 41 F. Supp. 2d 172, 193 (N.D.N.Y. 1999) ("42 U.S.C. § 1982 prohibits private racial discrimination in the sale or rental of real or personal property.").

## 2. Protecting Tenants at Foreclosure Act of 2009 claims

Plaintiffs further allege that they did not receive the 90-day notice to vacate the property as required by the PTFA.[2] Compl. at 12, ¶ 24. Consistent with the decisions of other district courts that have considered the issue, this Court concludes that the Act does not create a federal private right of action, but merely provides directives to state courts. See Federal Home Loan Mortg. Corp. v. Lee, No. 12-CV-00867 JAM KJN PS, 2012 WL 1657736, at *4 n.9 (E.D. Cal May 10, 2012) (observing that federal district courts have held that the PTFA does not create a federal private right of action); Shaikh v. Fannie Mae, No. 6:10-cv-1032-Orl-28GJK, 2010 WL 3734851, at *2 (M.D. Fla. Aug.19, 2010); Fannie Mae v. Lemere, No. CIV S–10–1474 MCE GGH PS, 2010

---

[2] The PTFA provides:

In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—
(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
(2) the rights of any bona fide tenant, as of the date of each notice of foreclosure–
(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease . . . .

See Pub. L. No. 111–22, § 702, 123 Stat. 1632, 1660-61 (2009).

4

WL 2696697, at *2 (E.D. Cal. Jul. 6, 2010); Deutsche Bank Nat'l Trust Co. v. Doe, No. 3:10-cv-1490 (CSH), 2010 WL 4683923, at *6, n.16 (D .Conn. Nov. 4, 2010).

Thus, plaintiffs fail to establish that the Court has subject matter jurisdiction over their PTFA claims. See U.S. Nat. Bank Ass'n v. Garcia, No. 09-CV-8501, 2009 WL 4048851, at *1 (C.D.Cal. Nov. 20, 2009) ("The claims asserted in the Complaint do not 'arise under' federal law merely by virtue of paragraph seven's reference to the 'Protecting Tenants at Foreclosure Act of 2009.'") (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that whether a state law claim 'arises under' federal law depends on whether the "a state-law claim necessarily raise[s] a stated federal issue")).

### 3. § 1983 Claims

In addition, plaintiffs have alleged that defendants are liable under § 1983 for violating plaintiffs' rights under the Fourth and Fourteenth Amendments. Compl. 20-21, ¶¶ 67-73. In order to maintain a claim under § 1983, a plaintiff must allege that (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of ... deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 itself creates no substantive rights; "it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Okla. City v. Turtle, 471 U.S. 808, 816 (1985)).

Plaintiffs maintain that the City Marshal and New York City Police Officers were responsible for committing a Fourth Amendment violation when they forcibly removed plaintiffs' sister-in-law and mother from their home. Plaintiffs lack standing to bring this claim. To have standing under Article III of the United States Constitution, "a plaintiff must have suffered an

'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision." Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). A party seeking to invoke the jurisdiction of the federal courts bears the burden of establishing that she has standing. See Lujan, 504 U.S. at 561; Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). While plaintiffs would have standing to challenge the seizure of their own persons, they lack standing to vicariously assert the Fourth Amendment rights of other individuals. See Tenenbaum v. Williams, 193 F.3d 581, 601 n.13 (2d Cir. 1999) ("'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.'") (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)).

Moreover, plaintiffs allege that the defendants violated their Fourteenth Amendment rights to equal protection of the laws by carrying out the eviction. The Equal Protection Clause requires the government to treat all similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). While the typical equal protection claim concerns discrimination based on membership in a protected class, where, as here, plaintiffs do not actually allege membership in such a class, they can still prevail under a "class of one" equal protection claim. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To state a "class of one" claim under Olech, plaintiffs must allege: (1) that they were intentionally treated differently from other similarly situated individuals; and (2) "that such differential treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (quoting LaTrieste Rest. & Cabaret v. Village of Port Chester, 40 F.3d 587, 590 (2d Cir.1994)). Plaintiffs fail to plead either prong.

To the extent that plaintiffs seek to assert a procedural due process claim under the Fourteenth Amendment, this attempt also fails. Plaintiffs allege that defendants filed false instruments with the Housing Court, and "willfully and knowingly participated in a series of malicious and frivolous prosecution until they successful[ly] obtained an unlawful eviction." Compl. at 3, ¶ 15; see generally id. at 3-5. However, plaintiffs specify that they are not challenging the decision of the Housing Court itself, but are rather complaining of "misconduct and violations that pre-date and occurred outside the State Court judgment." Compl. at 19, ¶ 60.

Based on the allegations in their complaint, plaintiffs have received all the process that they were due under the Constitution. Plaintiffs allege that defendants filed affidavits of service with the Housing Court falsely averring that defendants had served plaintiffs with a Notice to Quit, among other documents. Compl. at 14-15, ¶¶ 34-39. "Under New York law, tenants . . . 'are protected by multiple notice provisions and by the continuing jurisdiction of the Civil Court over the landlord/tenant disputes.'" Stern v. Regency Towers, LLC, — F.3d —, No. 11 Civ. 8824(JMF), 2012 WL 3264363, at *6 (S.D.N.Y. Aug. 10, 2012) (quoting Matter of Brusco v. Broun, 84 N.Y.2d 674, 681 (1994) (discussing provisions of Article 7 of the New York Real Property Actions and Proceedings Law)). State law thus provided plaintiffs with a means to challenge defendants' alleged violation of New York's notice provisions; plaintiffs could have availed themselves of the "continuing jurisdiction of the Civil Court," Stern, 2012 WL 3264363, at *6 (internal quotation marks omitted), and could have further appealed that court's judgment to higher New York Courts, see Morris v. Sheldon J. Rosen, P.C., No. 11–CV–3556 (JG)(LB), 2012 WL 2564405, at *5 (E.D.N.Y. July 12, 2012). See also Harris v. Mills, 572 F.3d 66, 76 (2d Cir. 2009) (holding that providing notice and an opportunity to be heard prior to deprivation of a property right, "coupled with" a "post-deprivation remedy" under state law, "is enough to satisfy

due process").[3]

### B. Leave to Amend

Plaintiffs' complaint thus fails to state a basis for the exercise of this Court's jurisdiction. Moreover, although plaintiffs allege that their rights under the FDCPA were violated, they offer no facts in support of that claim. Bearing in mind plaintiffs' pro se status, the Court will grant them an opportunity to amend their complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that if a liberal reading of a pro se complaint "gives any indication that a valid claim might be stated," a district court must grant leave to amend the complaint) (quotation marks omitted). Therefore, plaintiffs are granted thirty (30) days leave to amend their complaint to set forth any claim that they may have under the FDCPA and to name proper defendants.

Plaintiffs are informed that a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citations omitted). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions'

---

[3] Plaintiffs' complaint also raises, or could be construed as raising, additional allegations, none of which constitute a federal claim upon which relief may be granted. First, while plaintiffs allege a violation of their Ninth Amendment rights, Compl. at 21, ¶ 69, "[t]here is no cause of action under the Ninth Amendment." Azor v. City of New York, No. 08 CV 04473(RJD)(LB), 2012 WL 1117256, at *4 (E.D.N.Y. Mar. 30, 2012) (citing Tenn. Elec. Power Co. v. Tenn. Valley Auth., 306 U.S. 118, 144 (1939)). Second, insofar as plaintiffs have failed to state claims under § 1982 and § 1983, they have also failed to state a claim that would entitle them to relief under § 1988. See 42 U.S.C. § 1988(b) (permitting parties who have brought prevailing actions under §§ 1982 and 1983, as well as other statutory provisions, to recover attorney's fees). Finally, plaintiffs attempt to assert claims for municipal liability. Compl. at 22, ¶¶ 77-81. However, "to hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). Because plaintiffs do not adequately plead the deprivation of a constitutional right, they also fail to assert a cognizable claim for municipal liability. Moreover, the complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate that any alleged injury was caused by any policy or custom of the municipal defendant, the City of New York.

or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Accordingly, the absence of pleaded facts that make such claims plausible rather than merely possible will require dismissal of the amended complaint with prejudice.

## IV. Conclusion

Plaintiffs shall have thirty (30) days from the date of entry of this order within which to file an amended complaint entitled "Amended Complaint." The amended complaint shall bear the same docket number as this Order. Plaintiffs are informed that they cannot refer to prior pleadings to make their amended complaint complete. An amended complaint must be complete in itself. As a general rule, an amended complaint supersedes the original complaint. Once a plaintiff files an amended complaint, any prior complaints no longer serve any function in the case.

All further proceedings shall be stayed for thirty (30) days. If plaintiffs fail to file an amended complaint, judgment dismissing this action as set forth above shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross

ALLYNE R. ROSS
United States District Judge

Dated: September 28, 2012
Brooklyn, New York